IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ORVILLE W. MURPHY,**

    **Plaintiff,**

v.                                                                                  No. CIV 09-0907 MV/LAM

**WARDEN TERRY, ET AL.,**

    **Defendants.**

# ORDER TO FILE A *MARTINEZ* REPORT
# AND SETTING DEADLINES FOR DISPOSITIVE MOTIONS

**THIS MATTER** is before the Court *sua sponte* following a review of the record. Plaintiff is an inmate proceeding *pro se* and *in forma pauperis*. Plaintiff alleges that on April 8, 2009, he was unreasonably strip-searched. ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)*** at 1-3, 8-9. In addition, Plaintiff alleges that his food is prepared in violation of his religious beliefs, and that he is not allowed to practice his religion. *Id.* at 3, 9. Plaintiff asserts that these actions have violated his constitutional rights. *Id.* at 1-3, 8-9.

Defendants have been served with process and they have answered the complaint, but no dispositive motions have been filed. *See **Defendant Terry's Answer to Civil Rights Complaint (Doc. 13)** and **Defendant Frawner's Answer to Civil Rights Complaint (Doc. 14)***. In their answers, Defendants assert that Plaintiff fails to state a claim under Section 1983 against them. ***Defendant Terry's Answer to Civil Rights Complaint (Doc. 13)*** at 2; ***Defendant Frawner's Answer to Civil Rights Complaint (Doc. 14)*** at 4. Defendant Frawner also asserts that he "has been named as a defendant in this action in error [because h]e is not employed at the Otero County Processing Center," but is the "Warden of the Otero County Prison Facility ("OCPF");" however, "Plaintiff has

not been detained at OCPF." *Defendant Frawner's Answer to Civil Rights Complaint (Doc. 14)* at 2-4.

In a pleading titled *Matter of Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 15)* at 2, Plaintiff states that Otero County Processing Center, where he is detained, is "housed under the [same] roof of Otero County Prison [F]acility." Plaintiff states that "[Defendant] Warden Frawner is visibly active in the day-to-day activities of [Otero County Prison Facility, and] he can be seen overseeing the movements of the lunchrooms and other activities in this facility." *Id.* at 1-2. In addition, Plaintiff states that, on the day he was strip-searched, "[Defendant] Warden Terry was called to the location." *Id.* at 2.

Because Plaintiff is proceeding *pro se* and has been a prisoner throughout the time period at issue in his complaint, and because the Court needs further information to evaluate the merits of his claims, the Court will require Defendants to prepare a *Martinez* report to assist the Court in evaluating Plaintiff's claims. The Court will also require Defendants to prepare and file dispositive motions to assist the Court in evaluating Plaintiff's claims.

Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), this Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports."). A *Martinez* report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must

be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

      **IT IS THEREFORE ORDERED** that:

      1.      Defendants shall prepare a *Martinez* report addressing the claims raised in Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)* by:

      a.      Setting forth the facts needed to resolve the claims including, but not limited to: the names of any officials and other persons who dealt directly with Plaintiff concerning the matters that are the subject of his claims or who have knowledge of such matters; whether any records or documents exist pertaining to such matters and, if so, a description of those records and documents and of their contents; and whether any policies, procedures, rules or regulations address the matters that are the subject of his claims and, if so, a description of those policies, procedures, rules or regulations and their contents;

      b.      Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph "a";

      c.      Providing affidavits in support of the report, if necessary; and

      d.      Providing copies of any prison administrative grievance procedures for inmate complaints about the matters that are the subject of Plaintiff's claims **in effect during the time period at issue in Plaintiff's claims,** and copies of all records and documents pertaining to Plaintiff's exhaustion of administrative remedies with respect to his claims.  **Defendants are cautioned to carefully review the materials they submit regarding prison administrative grievance procedures, and all other materials submitted as part of the *Martínez* report, to ensure that such materials were in effect during the time period at issue.  If, during that time period, relevant materials were amended or revised, Defendants shall submit copies of  all**

3

**relevant versions of the materials, indicating the content and effective date of any amendments or revisions that were made.**

2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of records and documents alone, or records and documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order.

3. **All records and documents submitted with the *Martinez* report must be submitted with an index. The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using a Bates stamp, or similar numbering system, that numbers each page consecutively.**

4. **The report, and all records and documents submitted with the report, must be clear and legible. In addition, to the copies that are filed with the Court and served on Plaintiff, a complete copy of the report <u>must be provided to the undersigned's chambers in a binder that is fully tabbed to correspond to the index and exhibit labels</u>.**

5. **THE PARTIES SHALL FILE THEIR *MARTINEZ* REPORT DOCUMENTS AS SEPARATE DOCUMENTS AND SHALL NOT COMBINE THEIR *MARTINEZ* REPORT DOCUMENTS WITH ANY MOTION, RESPONSE TO A MOTION OR REPLY IN SUPPORT OF A MOTION.**

6. Defendants shall file and serve their *Martinez* report and dispositive motions **on or before April 5, 2010**;

7.	Plaintiff shall file and serve his response to the *Martinez* report and his responses to Defendants' dispositive motions **on or before April 22, 2010**; and

8.	Defendants shall file and serve their replies, if any, to Plaintiff's responses **on or before May 10, 2010**.

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*. As such, the parties should submit whatever materials they consider relevant to Plaintiff's claims and Defendants' defenses in their submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).**

**IT IS SO ORDERED.**

_Lourdes a. Martinez_
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**